

**FILED**
**Jul 13, 2020**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Charles Gentry,** | ) | **Docket No. 2019-06-2140** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Arapazuma, Inc.,** | ) | **State File No. 196998-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **Continental Nat'l Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING
## TEMPORARY DISABILITY BENEFITS

---

This case came before the Court on July 8, 2020. The sole issue is Charles Gentry's request for temporary disability benefits from September 13 to November 15, 2019. Arapazuma did not pay these benefits because Mr. Gentry did not attend an employer's examination. The Court finds that although he did not attend this examination, he did not refuse to undergo it and holds that Mr. Gentry is entitled to benefits for that time.

### History of Claim

In this accepted claim, Mr. Gentry injured his shoulder at work for Arapazuma, which paid temporary disability benefits while he treated.

In early August 2019, a claims adjuster for the third-party administrator, Abbey Fuerstenau, requested that Mr. Gentry see Dr. Damon Petty for an independent medical examination. Before the appointment, Mr. Gentry called the adjuster to request a different physician.[1] According to his petition for benefit determination, this was because Mr.

---

[1] Arapazuma objected to Mr. Gentry's testimony about Ms. Fuerstenau's statements as hearsay. Ms. Fuerstenau was employed by the carrier's contractual third-party administrator. The Court overruled the objection as an admission by a party opponent made in a representative capacity under Rule 803(1.2)(A) (2019) of the Tennessee Rules of Evidence.

1

Gentry had previously "reported [Dr. Petty] to the board of accountability."[2]  Mr. Gentry testified that about two years ago, he went to Dr. Petty's office and waited for several hours but never saw the doctor.  Mr. Gentry said he told Dr. Petty at that time that he was going to report him.  However, he called the Board and received a complaint form, but he never submitted it.  According to Mr. Gentry, Ms. Fuerstenau told him she would look for a different physician to perform the evaluation.  Mr. Gentry did not attend the August 20 appointment.

Ms. Fuerstenau called him about two weeks after the missed appointment.  Mr. Gentry reminded her that he did not want to see Dr. Petty and that she previously agreed to provide another physician.  He testified, "I told her I would go to a doctor, but she never found me somebody else to go to."  Ms. Fuerstenau followed up with a September 4 letter reading, "I previously notified you that we had scheduled an appointment for you to see Dr. Petty on August 20, 2019.  You informed me that you would not be attending the appointment."  The letter did not give a reason for Mr. Gentry's nonattendance.  It advised that the carrier would be suspending his compensation "in light of [his] refusal to comply with [its] request for examination by the physician."  The letter did not state the steps he could take to resume benefits.  Mr. Gentry received a check for the week of September 6-12, but then the payments stopped.

Afterward, a different adjuster, "Matt," contacted Mr. Gentry to inform him that he was now handling his case.  Per Mr. Gentry, Matt suggested a lump-sum settlement so he could treat on his own.  According to his affidavit, Matt "told [him] to call around and get cash estimates for the surgery cost and call him back."  Over the next few weeks, they discussed the prospect "about four or five times," but ultimately the parties did not settle.

Mr. Gentry filed a petition for benefit determination in early November.  He explained in his petition that he previously reported Dr. Petty, but he also wrote:

> I feel the third physician referral was probably an attempt to manipulate [the] outcome in their favor as a THIRD opinion is not the normal practice of most insurance companies.  If I had been given another option, other than Dr. Petty for a third opinion, I would have picked from the options and gone to yet another doctor.

(Emphasis in original.)  The parties later agreed that Mr. Gentry could see Dr. Blake Garside, Dr. Petty's practice partner, for the employer's examination, which occurred.  Arapazuma reinstated benefits on November 16.  Surgery has been authorized but not scheduled.

Arapazuma did not introduce any live witness testimony at the hearing but instead

[2] The correct name is the Tennessee Board of Medical Examiners.

2

relied on the affidavit of Daniel Killefer, a claims adjuster for the third-party administrator. The affidavit referenced the initial conversation between Mr. Gentry and Ms. Fuerstenau as follows: "Mr. Gentry refused to attend an independent medical examination with Dr. Petty. He notified [the third-party administrator] of his refusal to undergo an independent medical examination with Dr. Petty via telephone." The affidavit does not mention whether Mr. Gentry gave a reason he did not want to see Dr. Petty, nor does it state if Ms. Fuerstenau offered to find another physician. The affidavit further states that it suspended benefits "during the period in which he continued to refuse to attend an independent medical examination."

Mr. Gentry testified that he never spoke with and did not know Mr. Killefer.

**Findings of Fact and Conclusions of Law**

Mr. Gentry must show that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Tennessee Code Annotated section 50-6-204(d)(1) (2019) provides that an injured employee "must submit to examination by the employer's physician at all reasonable times if requested to do so by the employer[.]" In addition, subdivision (8) reads, "If the injured employee refuses to comply with any reasonable request for examination . . ., the injured employee's right to compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse."

Here, Arapazuma requested that Mr. Gentry undergo an examination with Dr. Petty, and he did not attend the appointment. Arapazuma argued that the statute contains mandatory language that an employee "must" submit to an employer's physician's examination, and if he refuses, compensation "shall" be suspended. Arapazuma correctly referenced the statutory language. However, under the circumstances, the Court is not persuaded that it applies here.

Mr. Gentry credibly testified that, in response to the request that he see Dr. Petty, he contacted Ms. Fuerstenau and explained that he previously told Dr. Petty he would report him to the Board. In turn, Ms. Fuerstenau agreed to find another doctor to perform the examination. The Court finds that Mr. Gentry acted reasonably by not attending the appointment, relying on their agreement to find another physician. Further, Mr. Gentry credibly testified that in their second telephone conversation, "I told her I would go to a doctor, but she never found me somebody else to go to." This statement contains an expression of willingness to undergo the examination rather than a refusal.

Arapazuma offered no substantive evidence to contradict Mr. Gentry's version of the conversation with Ms. Fuerstenau. Mr. Killefer's affidavit mentioned that the early

3

August conversation occurred, but he gave no specifics regarding what he characterized as a "refusal." Importantly, Mr. Gentry testified that he never spoke with Mr. Killefer and did not know him. Mr. Killefer was not on the call and gave no suggestion as to how he knows what was said—including Mr. Gentry's reason for requesting another physician and Ms. Fuerstenau's response to his request.

Ms. Fuerstenau's September letter documented that Mr. Gentry previously "informed [her] that [he] would not be attending the appointment," but it gave no reason for his nonattendance. The letter then cautioned that the carrier would suspend his benefits. However, the letter did not inform Mr. Gentry how he could prevent that from occurring.

Mr. Gentry then spoke with Matt, who proposed a settlement and tasked him with getting estimates on the cost of his treatment. Mr. Gentry communicated with him several times over the next few weeks, apparently following his instruction, until the two reached an impasse. The Court finds Mr. Gentry attempted to rectify the problem and cooperate with the adjuster and did not refuse the request for an employer's examination, which request remained on hold while they explored settlement.

In sum, the Court finds that Mr. Gentry did not refuse to undergo the examination, but he simply did not attend in reliance on a promise to provide another doctor for the examination. In fact, when Arapazuma offered another physician, Dr. Garside, Mr. Gentry accepted, even though Dr. Garside practices with Dr. Petty. Thus, Arapazuma improperly suspended his benefits. The Court holds Mr. Gentry is likely to prevail at a hearing on the merits regarding the requested relief.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Arapazuma shall immediately pay Mr. Gentry a lump-sum of $4,541.67 as temporary disability benefits from September 13 to November 15, 2019.[3]

2. This case is set for a status hearing on **September 8, 2020**, **at 9:30 a.m. Central Time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

---

[3] The dispute certification notice states that the parties contest the compensation rate. Mr. Gentry said he has been receiving "507 and some change." Neither party filed a wage statement, but Arapazuma's attorney said the document lists a compensation rate of $504.62, although the carrier has been paying him at the rate he stated. The Court requested that counsel file the wage statement after the hearing. The Court also informed the parties that if Mr. Gentry is owed benefits, they will be calculated using counsel's rate, but the parties may revisit the amount at the compensation hearing if they still dispute the rate. The Court calculated the amount owed by multiplying Mr. Gentry's daily compensation rate of $72.09 times sixty-three days, totaling $4,541.67.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED July 13, 2020.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Charles Gentry
2. Affidavit of Daniel Killefer

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and additional issues
3. Show Cause Order
4. Order on Show-Cause Hearing, March 31
5. Order on Show-Cause Hearing, May 5
6. Request for Expedited Hearing
7. Status Hearing Order, May 27
8. Status Hearing Order, June 22
9. Employer's Brief
10. Employer's Witness List
11. Employer's Exhibit List

**CERTIFICATE OF SERVICE**

I certify that a copy of this Expedited Hearing Order was sent as indicated on July 13, 2020.

| Name | Regular Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Charles Gentry, self-represented employee | X | | | 3981A Vesta Rd. Lebanon TN  37090 |
| Chancey Miller, Employer's attorney | | | X | cmiller@carrallison.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*Attach an additional sheet for each additional Appellant*

LB-1099 rev. 01/20                     Page **1** of **2**                     RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*